NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ELISHA D. DOUGLAS, *a.k.a.* HORACE BRYAN, *a.k.a.* JUNIOR O'RILEY, | : : : : | |
| Petitioner, | : : | Civ. No. 04-2066 (GEB) |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | **MEMORANDUM OPINION** |
| Respondent. | : : | |

**BROWN, District Judge**

This matter comes before the Court upon the motion of *pro se* Petitioner, Elisha D. Douglas, *a.k.a.* Horace Bryan, *a.k.a.* Junior O'Riley ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This Court will deny the petition on all grounds based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78.

**I.     BACKGROUND**

Petitioner is a citizen of Jamaica and an alien of the United States. (Plea Tr. at 12). He was deported from the country after he was convicted of an aggravated felony. (*Id.*). Specifically, Petitioner was convicted in the New Jersey Superior Court, Passaic County, for possession of a controlled dangerous substance ["CDS"] with an intent to distribute. (*Id.*). He was sentenced by the court on October 22, 1992 to a five year imprisonment term. (*Id.*). Without the permission of the

1

United States Attorney General, Petitioner knowingly and willingly re-entered the United States illegally, and was found within the country on or about May 18, 2001 in Mercer County. (*Id.* at 12-13). On July 18, 2002, Petitioner waived his right to indictment by grand jury, and plead guilty, to a criminal information for illegally re-entering the United States as an aggravated felon in violation of Title 18, United States Code, Section 1326. (*Id.* at 5, 9-10, 13).

On October 21, 2002, this Court sentenced Petitioner to an imprisonment term of eighty-four months to run consecutively to his undischarged state sentence, and three years of supervised release. (Sentencing Tr. at 8). In determining the appropriate sentence, the Court relied upon the Presentence Report ["PSR"], which concluded that Petitioner's crime fell within an offense level of twenty-one and criminal history category of VI, as a result of his five felony and two misdemeanor convictions. (PSR ¶¶ 16-42; Sentencing Tr. at 2). At the sentencing hearing, both the Government and Petitioner did not object to the report's findings. (Sentencing Tr. at 2). Petitioner's counsel requested that the Court impose the sentence concurrent or partially concurrent to his undischarged state sentence, as permitted under U.S. Sentencing Guidelines Manual ["USSG"] § 5G1.3. (*Id.* at 3-4). Petitioner alternatively requested the Court to permit a downward departure in recognition of the time he served for a state sentence. (*Id.* at 3-4). The Court declined, citing Petitioner's extensive criminal history and elevated criminal category of his offense. (*Id.* at 4). On June 16, 2003, the Third Circuit affirmed the judgment of this Court, and rejected Petitioner's request for leniency and reversal regarding the imposition of a consecutive sentence. *United States v. Douglas*, 67 F. App'x 733, 734-35 (3d Cir. 2003).

On May 3, 2004, Petitioner timely filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Pet. at 1). Petitioner advances five arguments in support

of his motion. He claims that the Court improperly (1) assigned a total of two criminal history points under USSG § 4A1.1(c), (*id.* at 3-7); (2) assigned one criminal history point for his February 26, 2001 misdemeanor conviction, (*id.* at 7-9); (3) treated his prior convictions as unrelated, (*id.* at 9-13); and (4) imposed a consecutive sentence, (*id.* at 13-15). Lastly, Petitioner claims that he was deprived effective assistance of counsel. (*Id.* at 15-18). The Court will now address each of Petitioner's contentions.

## II. DISCUSSION

### A. MOTION TO VACATE, CORRECT, OR SET ASIDE UNDER 28 U.S.C. § 2255

Section 2255 of Title 28, of the United States Code, permits a court to vacate, correct or set aside a sentence that:

> [W]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. However, "section 2255 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986), *cert. denied*, 511 U.S. 1033 (1994)). Moreover, if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show "cause" excusing his procedural default and "actual prejudice" resulting from the alleged error or violation. *Henry v. United States*, 913 F. Supp. 334, 336 (M.D. Pa. 1996), *aff'd*, 96 F.3d 1435 (3d Cir. 1996); *see also United States v. Essig*, 10 F.3d

968, 979 (3d Cir. 1993) (holding that the "cause and prejudice" standard set forth in *United States v. Frady*, 456 U.S. 152 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."). However, a petitioner need not demonstrate cause and prejudice when he raises a claim of ineffective assistance of counsel for the first time in a collateral attack. *DeRewal*, 10 F.3d at 104.

### B. PETITIONER'S CLAIMS REGARDING ALLEGED ERRORS IN SENTENCING BY THE COURT

Based on the record before the Court, and with the exception of Petitioner's argument concerning consecutive sentencing, it appears that Petitioner raises his arguments for the first time in this § 2255 petition. *See Douglas*, 67 F. App'x at 735 n.2. As aforementioned, this Court is procedurally barred from considering these issues, unless Petitioner demonstrated adequate "cause" excusing his procedural defaults and "actual prejudice" resulting from the alleged error or violation. *See Essig*, 10 F.3d. at 979. In his Petition, Petitioner fails to show cause that excuses his failure to raise his objections before the sentencing court or on appeal. Therefore, these claims fail on this basis. Even if, however, Petitioner was able to overcome this procedural bar, Petitioner's claims would still fail on substantive grounds for the reasons discussed below.

#### 1. Petitioner Failed to Overcome the Presumption of Regularity Attached to the Final Judgments of his Two Misdemeanors.

Petitioner challenges the assignment of one criminal history point pursuant to USSG § 4A1.1(c) for each of his two state misdemeanor convictions listed in the PSR at ¶¶ 38 and 40. (Pet. at 3-4). He claims that he was without the assistance of counsel at the time of the

misdemeanor sentencings and the PSR did not reflect this information. (*Id.*). Thus, Petitioner argues that the Court improperly relied on the PSR's factual record as a basis to enhance Petitioner's sentence. (*Id.* at 4). Specifically, Petitioner argues that the Government bore the burden of proving that the prior misdemeanor convictions were constitutionally valid before the Court could rely on the PSR. (Pet. Reply at 4).

Petitioner's argument is flawed on two grounds. First, Petitioner's argument that the exclusion of two criminal history points would change his ultimate sentence is incorrect. Even without the inclusion of these two points, Petitioner would nonetheless remain in a criminal history category of VI, since his total criminal history points would total fifteen, and the range of category VI is thirteen or more points. *See* USSG § 5A (2001) (sentencing table). Thus, Petitioner's sentence would not change. Second, contrary to Petitioner's assertions, a presumption of regularity attaches to court records that fail to indicate whether a defendant was assisted by legal counsel. *See Parke v. Raley*, 506 U.S. 20, 31 (1992) (holding that it is appropriate to assign defendants the burden of proof to overcome the presumption of regularity when collaterally attacking final convictions based upon constitutional grounds); *see also United States v. Jones*, 332 F.3d 688, 698 (3d Cir. 2003).

Petitioner mistakenly relies on *Burgett v. Texas*, 389 U.S. 109 (1967) in support of his argument. In *Burgett*, the Court held that a prior criminal conviction could not be considered for the purpose of sentence enhancement when it could not be determined from the record of the prior trial whether defendant waived his right to counsel. *Id.* at 114-15. The Court, however, subsequently narrowed this holding in *Parke v. Raley*, 506 U.S. 20, 29 (1992), noting that a presumption of regularity attaches to final judgments. The Court stated that "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final

judgments makes it appropriate to assign a proof burden to the defendant." *Id.* at 31. The Third Circuit discussed this presumption of regularity in *United States v. Jones*, 332 F.3d 688, 698 (3d Cir. 2003). In that case the petitioner argued that the district court violated his right to counsel by improperly enhancing his sentence based on his prior juvenile adjudication because the record did not clearly indicate whether he was represented by counsel or waived his right during adjudication. *Id.* at 696-97. Based on the Court's holding in *Parke* and the presumption of regularity, the Third Circuit rejected the petitioner's argument "that the government must prove that he was afforded the right to counsel or waived that right." *Id.* at 698.

New Jersey law and judicial practice ensures that the right to counsel is respected within the state court system.[1] The presumption of regularity attached to the misdemeanor convictions requires this Court to initially conclude that the misdemeanors were validly obtained based on the adherence to such procedures and requirements. *See Jones,* 332 F.3d at 698.

Petitioner fails to offer the Court evidence to demonstrate a deviation from state procedures. Instead, Petitioner merely asserts he was without the benefit of counsel at the time of sentencing for these two convictions. However, Petitioner's self-serving statements are insufficient to rebut the presumption. *See Cuppett v. Duckworth*, 8 F.3d 1132, 1139 (7th Cir. 1993) (en banc) ("self-serving

---

[1] *See e.g.* N.J. CONST. art. 1, ¶ 10 (requiring entitlement to counsel for accused in all criminal prosecutions); N.J. STAT. ANN. § 2A:158A-5.2 (specifying when defendant is entitled to a Public Defender); N.J. R. CT. 3:4-2(c)(3) (judge in non-indictable offense cases must inform defendant at first appearance that defendant has right to retain counsel, or, if indignant and entitled by law to appointment of counsel, the right to representation by a public defender); N.J. R. CT. 3:4-2(c)(4) (requiring a judge at defendant's first appearance for a non-indictable offense to assign defendant a public defender if defendant is indignant and entitled by law to such representation, and does not expressly waive right to counsel); N.J. DIR. 3-96 (court must ask defendant at his first court appearance specifically whether he or she seeks counsel and to record answer in one of three specific ways on the complaint).

statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state conviction."). This Court also notes that the Petitioner's extensive previous experiences with the criminal justice system strongly suggest that the Petitioner had knowledge of his constitutional right to counsel, but knowingly waived this right. (*See* PSR ¶¶ 28-37 (reporting five individual arrests and convictions, with the assistance of counsel, prior to the misdemeanor charges)); *see also Parke*, 506 U.S. at 36 (noting that evidence of a defendant's prior experience with the criminal justice system is relevant in determining if defendant knowingly waived constitutional rights). Consequently, Petitioner's argument is rejected.[2]

### 2. The United States Probation Office Properly Assigned One Criminal History Point Under USSG § 4A1.1(c) Based Upon Petitioner's February 26, 2001 Misdemeanor Conviction.

Next, Petitioner challenges the assignment of one criminal history point for his misdemeanor conviction of February 26, 2001 for the distribution of CDS in public. (Pet. at 7-9). He was sentenced to an imprisonment term of nine days. (PSR ¶ 38). Petitioner asserts that because he was sentenced to less than thirty days of imprisonment, USSG § 4A1.2 does not allow for the assignment of a criminal history point. (Pet. at 7-8). Petitioner's claim improperly interprets USSG § 4A1.2 (2001). One criminal history point was properly assigned under USSG § 4A1.1(c) (2001).

---

[2] Petitioner further cites *Shepard v. United States*, 125 S.Ct. 1254 (2005) to buttress his argument. (*See* Pet. Reply at 3-4). In *Shepard*, the Court held that a sentencing court may not "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary" under the Armed Career Criminal Act. 125 S. Ct. at 1257. However, *Shepard* does not alter Petitioner's burden of overcoming the presumption of regularity. Therefore, Petitioner's argument is rejected.

USSG § 4A1.2(c)(1) provides:

> (c) **Sentences Counted and Excluded**
> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> > (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
> >
> > Careless or reckless driving, Contempt of court, Disorderly conduct or disturbing the peace, Driving without a license or with a revoked or suspended license, False information to a police officer, Fish and game violations, Gambling, Hindering or failure to obey a police officer, Insufficient funds check, Leaving the scene of an accident, Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law), Non-support, Prostitution, Resisting arrest, Trespassing.

USSG § 4A1.2(c)(1). Petitioner asserts that because his term of imprisonment was less than thirty days and the February misdemeanor was not similar to the instant offense, a criminal history point should not have been assessed. (Pet. at 8). However, Petitioner fails to recognize that these exceptions only apply to offenses listed after USSG § 4A1.2(c)(1)(B). Because distribution of CDS in public is not one of the listed offenses, Petitioner was not afforded this exception.

USSG § 4A1.1(c) reads: "Add 1 point for each prior sentence not counted in (a) or (b), up to a total of [four] points for this item." *Id.* § 4A1.1(c). A prior sentence is "any sentence imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). USSG § 4A1.1(a) applies to convictions carrying a

8

sentence of imprisonment exceeding one year and one month, and USSG § 4A1.1(b) applies to those convictions falling outside the scope of § 4A1.1(a) and carrying a sentence of at least sixty days of imprisonment. *Id*. §§ 4A1.1(a) and (b).

The Probation Officer properly assigned one criminal history point under USSG § 4A1.1(c) for the February 2001 misdemeanor. Petitioner's misdemeanor sentence of nine days constitutes a "prior sentence" as defined in USSG § 4A1.2(a)(1). This prior sentence does not qualify for assignment of criminal history points under USSG §§ 4A1.1(a) and (b), and is not a result of a conviction for any of the excepted offenses under USSG § 4A1.2(c). Therefore, it falls within the scope USSG § 4A1.1(c), justifying the assignment of one criminal history point. Consequently, Petitioner's argument fails.

### 3. The Court Properly Considered Petitioner's Previous Convictions As Unrelated Cases Under USSG § 4A1.2(a)(2).

Petitioner argues that his previous convictions are "related cases" under USSG § 4A1.2(a)(2), which requires that prior sentences for related cases be treated as one sentence for the purpose of assigning criminal history points. (Pet. at 9-13); USSG § 4A1.2(c)(2). He contends the Court should have treated his three sentences for his possession of CDS felonies as related cases, and assessed criminal history points as if there was only one sentence. (Pet. at 9-11, 10 n.1). Likewise, he argues that his sentences for his three convictions involving the distribution of CDS were related, and should be treated as one sentence. (*Id*. at 9, 11 n.1). Based on Petitioner's logic, only six criminal history points should have been attributed, as opposed to nine, for these offenses. (*Id*. at 9).

Petitioner's theory is flawed based upon his understanding of what constitutes "related cases" under USSG § 4A1.2(a)(2). USSG § 4A1.2(a)(2), in pertinent part, provides that "[p]rior sentences

9

imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." USSG § 4A1.2(a)(2). The term "related cases" is defined in Application Note 3 to the Commentary to USSG § 4A1.2:

> Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

*Id*. § 4A1.2 cmt. n.3. The three convictions for possession of CDS and three convictions for distribution of CDS cannot be considered "related cases" as defined by Application Note 3.

Although the offenses involved the possession and distribution of CDS, the offenses occurred on different occasions and under varied circumstances. (*See* PSR ¶¶ 28, 31, 33, 35, 37).[3] Therefore, a single common scheme or plan did not exist. *See United States v. Hallman*, 23 F.3d 821, 826 (3d Cir. 1994) (holding that "scheme" and "plan" are words of intention, implying that the crimes were jointly planned, or that it is evident that the commission of one crime would necessitate the commission of another).

Moreover, an intervening arrest separates each of the offenses. (*See* PSR ¶¶ 28, 30, 32, 34, 36 (showing all arrests occurred on different dates)). In *Hallman*, the Third Circuit held that if there is an intervening arrest between offenses, but the sentencings for the offenses have been consolidated into one proceeding, the sentences are not considered related. *Id.* at 825 n.3. Although Petitioner was sentenced on October 22, 1992 for two felonies, *Hallman* precludes this Court from considering

---

[3] Although the date of Petitioner's first offense is not specified in the PSR, his next offense occurred after the guilty plea for his first offense, which implies that the first offense occurred on a separate occasion. (*See* PSR ¶¶ 28, 31).

them as related cases because the arrests for the two felonies occurred on separate days. (PSR ¶¶ 30, 32). Consequently, Petitioner's argument is rejected.

### 4. The Court Properly Imposed a Federal Sentence that Runs Consecutively to Petitioner's Undischarged State Sentence.

Petitioner alleges that an unfair "sentencing disparity" resulted from the imposition of a consecutive sentence. (Pet. at 13-15). Petitioner cites *Rios v. Wiley*, 201 F.3d 257, 265 (3d Cir. 2000) in support of his contention, which evaluates the application of the Commentary to USSG § 5G1.3(c). (Pet. at 13-14). The Commentary required:

> To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

USSG § 5G1.3, cmt. n.3 (1994) (quoted in *Rios*, 201 F.3d at 265). However, Petitioner fails to recognize that *Rios* involves the application of previous versions of USSG § 5G1.3(c) and its Commentary, both of which were outdated at the time of his sentencing.[4] *See United States v. Saintville*, 218 F.3d 246, 248-49 (3d Cir. 2000) (noting a *Rios* analysis is only appropriate for the application of USSG § 5G1.3(c) prior to its 1995 amendment).

The amended version of USSG § 5G1.3(c), which became effective on November 1, 1995,

---

[4] Prior to its 1995 Amendment, USSG § 5G1.3(c) read: "[T]he sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." USSG § 5G1.3(c) (1994).

11

and is thus relevant to Petitioner's case, reads:

> (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5G1.3(c), p.s. (2001). The amended Commentary for the section provides:

> <u>Concurrent or consecutive sentence - subsection (c) cases</u>. In circumstances not covered under subsection (a) or (b), subsection (c) applies. Under this subsection, the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)) and be cognizant of:
>
> (a)     the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (b)     the time served on the undischarged sentence and the time likely to be served before release;
> (c)     the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (d)     any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

USSG § 5G1.3, cmt. n.3 (2001). Considering these amendments, the Third Circuit has held that sentencing courts must no longer make the hypothetical calculations discussed in *Rios*. *Saintville*, 218 F.3d at 249. The Third Circuit explained the significance of the amendments, and why it eliminated the need to undergo *Rios* calculations:

> [D]eletion of the requirement in section 5G1.3 that the court run a sentence consecutively to the extent necessary to achieve a reasonable "incremental" punishment for the instant offenses tends to demonstrate that section 5G1.3(c) no longer ties the newly imposed sentence closely to any undischarged term of imprisonment.

*Id.* As a result of the amendments, the Court did not need to undergo a *Rios* examination when

sentencing Petitioner.

Finally, nothing in the language of USSG § 5G1.3 required the Court to make specific findings as to the factors listed in the Commentary or 18 U.S.C. § 3553(a) in order to impose a consecutive sentence. The Court must simply take them into consideration to ensure a defendant is reasonably punished for his or her offenses. *Id.* The record demonstrates that such factors were considered, as the Court's decision to impose a consecutive sentence was premised upon Petitioner's extensive criminal history and elevated criminal category. (Sentencing Tr. at 4, 7-8). Furthermore, the Court selected a term in the "lower middle" of the guideline range because it chose to impose the sentence consecutively. (*Id*. at 8). Consequently, this argument likewise fails.

### C.   INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Petitioner claims that he was denied effective assistance of counsel because (1) counsel failed to investigate or object to the two criminal history points attributed to the prior misdemeanor conviction, and (2) counsel relied on the wrong subsection of USSG § 5G1.3 at sentencing.

The cause of action for ineffective assistance of counsel flows from the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (internal citation and quotation marks omitted). In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court established the standard for reviewing ineffective assistance of counsel claims. In order for a petitioner to succeed on such a claim, he must establish that: (1) his attorney's performance was objectively deficient, and (2) that such deficient performance prejudiced his defense. *Id.* at 687.

When evaluating performance, courts must examine the entire proceedings and determine whether, in light of all the circumstances, counsel's conduct was outside the wide range of professionally competent assistance. *See Kimmelmann v. Morrison*, 477 U.S. 365, 386 (1986). Courts must also defer to counsel's tactical decisions, not employ hindsight, and give counsel the benefit of a strong presumption of reasonableness. *See Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994). To adequately assert "prejudice," a petitioner must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks omitted). That the outcome may have been different but for counsel's error is not dispositive of the prejudice inquiry; rather the court must focus on whether the result of the proceeding was fundamentally unfair or unreliable. *See id.* at 369-970. Moreover, a petitioner cannot be prejudiced by his attorney's failure to present a meritless argument. *See Marshall v. Hendricks*, 307 F.3d 36, 86-87 (3d. Cir. 2002).

Counsel properly declined to raise an objection regarding the assignment of criminal history points attributed to Petitioner's misdemeanor convictions and the Court's application of USSG § 5G1.3. As discussed above, the Court finds both claims meritless. As a result, counsel's failure to raise these arguments did not prejudice Petitioner. Accordingly, Petitioner's claim of ineffective assistance of counsel must fail.

**III.     CONCLUSION**

       For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied and the petition is dismissed with prejudice.  An appropriate form of Order is filed herewith.

Date:   July 18, 2005                                           s/ Garrett E. Brown, Jr.
                                                                     GARRETT E. BROWN, JR., U.S.D.J.